IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSHUAH THOMPSON                                                    PLAINTIFF

v.                              No. 3:24-cv-190-DPM

GREENE COUNTY SHERIFF'S OFFICE
and BRAD SNYDER, Sheriff                                         DEFENDANTS

## ORDER

The Greene County defendants move for judgment on the pleadings in Thompson's disability discrimination suit. *Doc. 6.* The motion is granted as modified and as specified.

*First*, though it appears to be an unsettled question in this circuit, the great weight of precedent holds that the Vietnam Era Veterans Readjustment Assistance Act, 38 U.S.C. §§ 4211–4215, does not provide a private right of action. *E.g., Barron v. Nightingale Roofing, Inc.*, 842 F.2d 20, 21-22 (1st Cir. 1988); *Antol v. Perry*, 82 F.3d 1291, 1298 (3d Cir. 1996) (no private right of action under VEVRA § 4214); *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 473 (6th Cir. 2003); *Wikberg v. Reich*, 21 F.3d 188, 189-90 (7th Cir. 1994); *see also Carson v. Willow Valley Communities*, 789 F. App'x 310, 312 n.3 (3d Cir. 2019) (unpublished and *per curiam*) (no private right of action under VEVRA); *Suazo v. Regents of University of California*, 1998 WL 339714, at *2 (10th Cir. 24 June 1998) (unpublished and *per curiam*). This claim fails as a matter of law.

*Second*, the Greene County Sheriff's Office is not an entity that can be sued. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). That Office is therefore dismissed without prejudice.

*Third*, limitations. Sheriff Snyder makes a strong argument that Thompson has pleaded himself out of court on his other claims based on the date of firing (June 2023) and the date of his EEOC charge (January 2023). In response, though, Thompson makes a colorable argument for equitable tolling. This issue is necessarily fact based. This case in just starting; no discovery has been done; and the deadline for amended pleadings has not been locked in. The Court will therefore dismiss Thompson's claims under the Americans with Disabilities Act and the Arkansas Civil Rights Act—but, the dismissal is without prejudice and with leave to amend.

Thompson is entitled to re-plead, alleging with specificity why his seemingly time-barred claims should go forward and attaching any documents he believes are important on that issue. All this needs to be done in an amended complaint rather than in briefing.

*Fourth*, the Court observes that the fact-bound limitations issue is likely best handled on summary judgment after some targeted discovery. We'll see.

*Last*, the motion to stay the Rule 26(f) conference and any discovery is partly granted as modified and partly denied. The parties must file their Rule 26(f) report thirty days after Thompson files his

amended complaint.  This case is almost three months old.  It's time to move forward.

*

Motion for judgment on the pleadings, *Doc. 6*, granted as modified and specified.  Complaint dismissed without prejudice to repleading the ADA and ACRA claims, but omitting the VEVRA claim and the Sheriff's Office as a defendant.  Amended complaint due by 17 January 2024.  Motion to stay report and discovery, *Doc. 11*, partly granted as modified and partly denied.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 January 2025